Gerald E. Hawxhurst (Bar No. 220327)
jerry@cronehawxhurst.com
Daryl M. Crone (Bar No. 209610)
daryl@cronehawxhurst.com
CRONE HAWXHURST LLP
10880 Wilshire Blvd., Ste. 1150
Los Angeles, California 90024
Telephone: (310) 893-5150
Facsimile: (310) 893-5195

Attorneys for Defendants
Innovation Ventures, LLC (sued erroneously as Innovation Ventures, LLC dba Living Essentials); Living Essentials, LLC; Manoj Bhargava; and Bio Clinical Development, Inc. (sued erroneously as Bioclinical Development, Inc.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ILYA PODOBEDOV, JORDAN MOUSSOUROS and RICHARD N. JAMES, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

LIVING ESSENTIALS, LLC, INNOVATION VENTURES, LLC d/b/a LIVING ESSENTIALS, MANOJ BHARGAVA and BIOCLINICAL DEVELOPMENT, INC.,

Defendants.

CASE NO. LACV11-6408 PSG (PLAx)

**DEFENDANTS' ANSWER TO THE FIRST AMENDED COMPLAINT**

Defendants Manoj Bhargava and Bio Clinical Development, Inc. (sued erroneously as Bioclinical Development, Inc.), subject to and without waiver of their challenges to the assertion of personal jurisdiction over them, and together with defendants Innovation Ventures, LLC (sued erroneously as Innovation Ventures, LLC dba Living Essentials) and Living Essentials, LLC (collectively, "Defendants"), hereby answer the First Amended Complaint filed by Plaintiffs Ilya Podobedov, Jordan Moussouros and Richard N. James (collectively, "Plaintiffs") as follows:

**GENERAL RESPONSE TO THE FIRST AMENDED COMPLAINT**

Defendants state that they respond to these allegations only on behalf of themselves and not on behalf of any other entity. All allegations are denied unless specifically admitted, and any factual averment is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations contained in the averment or in the First Amended Complaint as a whole.

The First Amended Complaint indiscriminately uses the term "Defendants" to refer collectively to all Defendants named in this action. Defendants do not admit that each of them has knowledge of the allegations in the First Amended Complaint, notwithstanding the use of the collective term Defendants in this answer and affirmative defenses. For instance, Bio Clinical Development, Inc. does not distribute, market, promote or advertise any product whatsoever.

The First Amended Complaint contains numerous quotations and references that purport to be excerpts from various identified and unidentified sources and documents. Most of the documents and other purported sources referred to in the First Amended Complaint have not been provided by Plaintiffs. Defendants are therefore unable to admit, deny or otherwise challenge the accuracy, veracity or source(s) of these references. To the extent that Defendants state that a document or other material referenced in the First Amended Complaint speaks for itself, or

refers to the document or other material for the contents thereof, such statement, admission or reference does not constitute an admission that the content of the document or other material is or is not true, or that Plaintiffs' characterization of such documents or other material is accurate. Defendants reserve their right to challenge the accuracy of the quotations and references and to raise any objection as to the documents purportedly quoted or referenced. Defendants do not admit the authenticity of any documents or other material from which quotations were purportedly taken or references were made, and reserve the right to challenge the authenticity of all materials purportedly quoted or referenced in the First Amended Complaint.

**SPECIFIC ANSWER**

**TO THE ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

1. In response to paragraph 1 of the First Amended Complaint, Defendants admit that Plaintiffs purport to bring this action as a class action, define putative classes and define a class period, but deny that this lawsuit is appropriate for class action treatment or is manageable as a class action. Defendants state that the 5-Hour ENERGY® promotions, advertisements, press releases and packaging speak for themselves. Defendants otherwise deny each and every allegation contained in paragraph 1.

2. In response to paragraph 2 of the First Amended Complaint, Defendants admit that 5-Hour ENERGY® contains B-vitamins and amino acids. Defendants state that the 5-Hour ENERGY® promotions, advertisements, press releases and packaging speak for themselves and that such promotions, advertisements, press releases and packaging should be read in their entirety and understood in context. Defendants otherwise deny each and every allegation contained in paragraph 2.

3. In response to paragraph 3 of the First Amended Complaint,

Defendants lack sufficient information to determine what is meant by "several warning letters" and therefore deny the allegations concerning the same. Defendants otherwise deny each and every allegation contained in paragraph 3.

4. In response to paragraph 4 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

5. In response to paragraph 5 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

6. In response to paragraph 6 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 6.

7. In response to paragraph 7 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 7, except admit that Plaintiffs purport to bring this action as a class action and define putative classes, but deny that this lawsuit is appropriate for class certification or is manageable as a class action.

8. In response to paragraph 8 of the First Amended Complaint, Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations.

9. In response to paragraph 9 of the First Amended Complaint, Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations.

10. In response to paragraph 10 of the First Amended Complaint, Defendants state that they are presently without sufficient knowledge or

information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations.

11. In response to paragraph 11 of the First Amended Complaint, Defendants admit that Innovation Ventures, LLC is a limited liability company created by and under the laws of the State of Michigan, and headquartered in the City of Farmington Hills, County of Oakland, State of Michigan. Defendants also admit that Innovation Ventures, LLC was formed in 2000. Defendants further admit that defendant Innovation Ventures, LLC owns the 5-Hour Energy® trademark. Defendants also admit that Innovation Ventures, LLC has sold 5-Hour Energy® and Chaser®. Defendants admit that Mr. Bhargava is an officer and member of Innovation Ventures, LLC. Defendants further admit that Mr. Bhargava is a citizen and resident of the State of Michigan. Defendants otherwise deny each and every allegation contained in paragraph 11.

12. In response to paragraph 12 of the First Amended Complaint, Defendants admit that Living Essentials, LLC is a limited liability company created by and under the laws of the State of Michigan, and headquartered in the City of Farmington Hills, County of Oakland, State of Michigan. Defendants otherwise deny each and every allegation contained in paragraph 12.

13. In response to paragraph 13 of the First Amended Complaint, Defendants admit that defendant Bhargava is a resident of Michigan. Defendants also admit that Mr. Bhargava is an officer and member of Innovation Ventures, LLC. Defendants admit that Mr. Bhargava is the owner of Bio Clinical Development, Inc. Defendants further admit that Mr. Bhargave was a creator of Chaser*Plus*® Defendants otherwise deny each and every allegation contained in paragraph 13, including the allegations that Mr. Bhargava makes "personal appearances throughout the United States including the State of California."

14. In response to paragraph 14 of the First Amended Complaint,

Defendants admit that Bio Clinical Development, Inc. is Michigan corporation with its principal place of business in Farmington Hills, County of Oakland, State of Michigan. Defendants also admit that Mr. Bhargava is the owner of Bio Clinical Development, Inc. Defendants further admit that Bio Clinical Development, Inc. is the holding company for the patents for 5-Hour ENERGY®. Defendants otherwise deny each and every allegation contained in paragraph 14.

15. In response to paragraph 15 of the First Amended Complaint, Defendants state that it purports to state a legal conclusion for which no response is required. Defendants otherwise deny each and every allegation contained therein.

16. In response to paragraph 16 of the First Amended Complaint, Defendants state that it purports to state a legal conclusion for which no response is required. Defendants otherwise deny each and every allegation contained therein.

17. In response to paragraph 17 of the First Amended Complaint, Defendants state that it purports to state a legal conclusion for which no response is required. Defendants otherwise deny each and every allegation contained therein.

18. In response to paragraph 18 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 18.

19. In response to paragraph 19 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 19.

20. In response to paragraph 20 of the First Amended Complaint, Defendants deny each and every allegation as it pertains to defendant Bhargava and defendant Bio Clinical Development, Inc. The remaining of Paragraph 20 of the First Amended Complaint states legal conclusions to which no response is

required.

21. In response to paragraph 21 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 21.

22. In response to paragraph 22 of the First Amended Complaint, Defendants admit that 5-Hour ENERGY® was introduced in or about 2004. Defendants also admit that the serving size for a 5-Hour ENERGY® shot is 1.93 ounces and that it is categorized as a "dietary supplement." Defendants otherwise deny each and every allegation contained in paragraph 22.

23. In response to paragraph 23 of the First Amended Complaint, Defendants admit that 5-Hour ENERGY® products are available for sale individually, as well as in six-packs and twelve-packs. Defendants also admit that the 5-Hour Energy® website sells multipacks. As to the remainder of the allegations in paragraph 23, Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations.

24. In response to paragraph 24 of the First Amended Complaint, Defendants admit that 5-Hour ENERGY® comes in "a number of fruit flavors. Defendants also admit that 5-Hour Energy® comes in original, decaf and extra-strength varieties. Defendants otherwise deny each and every allegation contained in paragraph 24.

25. In response to paragraph 25 of the First Amended Complaint, Defendants state that the First Amended Complaint does not specify what it means by "net sales," and, as a result, Defendants are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of paragraph 25, and on that basis deny the

allegations. The First Amended Complaint does not identify what is meant by the "energy shot market" and Defendants are presently without sufficient knowledge or information to form a belief as to the truth of this allegation and on that basis deny it. Defendants admit that, on average, nine million 5-Hour ENERGY® bottles are sold per week. Defendants otherwise deny each and every allegation contained in paragraph 25.

26. In response to paragraph 26 of the First Amended Complaint, Defendants admit that 5-Hour ENERGY® is marketed via several diverse channels, including television and radio commercials, internet websites, print media, event promotions and endorsements. Defendants otherwise deny each and every allegation contained in paragraph 26.

27. In response to paragraph 27 of the First Amended Complaint, Defendants admit that the product's name is 5-Hour ENERGY®. Defendants otherwise deny each and every allegation contained therein.

28. In response to paragraph 28 of the First Amended Complaint, Defendants deny each and every allegation contained therein, except admit that the 5-Hour ENERGY® packaging speaks for itself.

29. In response to paragraph 29 of the First Amended Complaint, Defendants state that the packaging for 5-Hour ENERGY® speaks for itself. Defendants otherwise deny each and every allegation contained in paragraph 29.

30. In response to paragraph 30 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

31. In response to paragraph 31 of the First Amended Complaint, Defendants state that the television commercials speak for themselves. Defendants otherwise deny each and every allegation contained therein.

32. In response to paragraph 32 of the First Amended Complaint, Defendants state that the 5-hour ENERGY® promotions, advertisements, press

releases and packaging speak for themselves. Defendants otherwise deny each and every allegation contained therein.

33. In response to paragraph 33 of the First Amended Complaint, Defendants state that the 5-Hour ENERGY® packaging speaks for itself. Defendants otherwise deny each and every allegation contained in paragraph 33.

34. In response to paragraph 34 of the First Amended Complaint, Defendants state that the promotions, advertisements, press releases and packaging speak for themselves. Defendants further state that plaintiffs have not identified the dates, places or the sources for the alleged representations, thereby prohibiting Defendants from either admitting or denying the allegations and on that basis, Defendants deny each and every allegation contained in paragraph 34.

35. In response to paragraph 35 of the First Amended Complaint, Defendants admit that 5-Hour ENERGY® has "(a)s much caffeine as a cup of the leading premium coffee" and that Extra Strength 5-Hour ENERGY® "contains as much caffeine as 12 ounces of premium coffee premium coffee." Defendants otherwise deny each and every allegation contained in paragraph 35.

36. In response to paragraph 36 of the First Amended Complaint, Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations.

37. In response to paragraph 37 of the First Amended Complaint, Defendants state that the commercial speaks for itself.

38. In response to paragraph 38 of the First Amended Complaint, Defendants state that the commercial speaks for itself.

39. In response to paragraph 39 of the First Amended Complaint, Defendants state that the advertisement annexed as Exhibit A to the First Amended Complaint speaks for itself. Defendants otherwise deny each and every allegation

contained in paragraph 39.

40. In response to paragraph 40 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

41. In response to paragraph 41 of the First Amended Complaint, Defendants state that the advertisements for Decaf 5-Hour ENERGY® speak for themselves.

42. In response to paragraph 42 of the First Amended Complaint, Defendants admit that a shot of Decaf 5-Hour ENERGY® contains 6mg of caffeine. Defendants otherwise deny each and every allegation contained in paragraph 42.

43. In response to paragraph 43 of the First Amended Complaint, Defendants admit that Decaf 5-Hour ENERGY® "contains 6mg of caffeine" which is about as much as a half cup of decaffeinated coffee. Defendants otherwise deny each and every allegation contained in paragraph 43.

44. In response to paragraph 44 of the First Amended Complaint, Defendants admit that Decaf 5-Hour ENERGY® "contains B-vitamins for energy and amino acids for focus." As to the remainder of the allegations in paragraph 44, Defendants state that the advertisements and packaging for Decaf 5-Hour ENERGY® speak for themselves. Defendants otherwise deny each and every allegation contained in paragraph 44.

45. In response to paragraph 45 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

46. In response to paragraph 46 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

47. In response to paragraph 47 of the First Amended Complaint, Defendants admit that the National Advertising Division of the Better Business Bureau reviewed advertisements regarding 5-Hour ENERGY®. Defendants otherwise deny each and every allegation contained in paragraph 47.

48.     In response to paragraph 48 of the First Amended Complaint, Defendants admit that a study was performed regarding 5-Hour ENERGY®. Defendants otherwise deny each and every allegation contained in paragraph 48.

49.     In response to paragraph 49 of the First Amended Complaint, Defendants state that the purported information posted on the website speaks for itself.  Defendants otherwise deny each and every allegation contained in paragraph 49.

50.     In response to paragraph 50 of the First Amended Complaint, Defendants state that the information contained in the website and in advertisements speak for themselves.  Defendants otherwise deny each and every allegation contained in paragraph 50.

51.     In response to paragraph 51 of the First Amended Complaint, Defendants state that the First Amended Complaint does not specifically identify the "clinical trial," thus preventing Defendants from admitting or denying the allegations.   Defendants deny each and every allegation contained therein.

52.     In response to paragraph 52 of the First Amended Complaint, Defendants admit that Marshall-Blum, LLC, conducted research.  Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 52, and on that basis deny the allegations.

53.     In response to paragraph 53 of the First Amended Complaint, Defendants admit that the Chaser® product was found to be effective.  Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 53, and on that basis deny the allegations.

54.     In response to paragraph 54 of the First Amended Complaint, Defendants state that the First Amended Complaint does not identify the purported

expert or specify the exact nature or content of the purported statements. Defendants therefore are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 54, and on that basis deny the allegations.

55.     In response to paragraph 55 of the First Amended Complaint, Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55, and on that basis deny the allegations.

56.     In response to paragraph 56 of the First Amended Complaint, Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 56, and on that basis deny the allegations.

57.     In response to paragraph 57 of the First Amended Complaint, Defendants state that the 5-Hour ENERGY® website speaks for itself.  Defendants further state that they are presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 57, and on that basis deny the allegations.

58.     In response to paragraph 58 of the First Amended Complaint, Defendants state that this paragraph lacks specificity sufficient to permit Defendants to admit or deny the allegations therein and that they are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny the allegations.

59.     In response to paragraph 59 of the First Amended Complaint, Defendants state that the 5-Hour ENERGY® website at http://www.5hourenergy.com/ingredients.asp speaks for itself.  Defendants otherwise deny each and every allegation contained in paragraph 59.

60.     In response to paragraph 60 of the First Amended Complaint,

Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 60, and on that basis deny the allegations.

61. In response to paragraph 61 of the First Amended Complaint, Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 61, and on that basis deny the allegations.

62. In response to paragraph 62 of the First Amended Complaint, Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 62, and on that basis deny the allegations.

63. In response to paragraph 63 of the First Amended Complaint, Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 63, and on that basis deny the allegations.

64. In response to paragraph 64 of the First Amended Complaint, Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 64, and on that basis deny the allegations.

65. In response to paragraph 65 of the First Amended Complaint, Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 65, and on that basis deny the allegations.

66. In response to paragraph 66 of the First Amended Complaint, Defendants state that the 5-Hour ENERGY® website speaks for itself. Defendants otherwise deny each and every allegation contained in paragraph 66.

67. In response to paragraph 67 of the First Amended Complaint,

Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 67, and on that basis deny the allegations.

68. In response to paragraph 68 of the First Amended Complaint, Defendants state that they are presently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 68, and on that basis deny the allegations.

69. In response to paragraph 69 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

70. In response to paragraph 70 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

71. In response to paragraph 71 of the First Amended Complaint, Defendants deny each and every allegation contained in paragraph 71.

72. In response to paragraph 72 of the First Amended Complaint, Defendants admit that Chaser® was introduced to the market. Defendants otherwise deny each and every allegation contained in paragraph 72.

73. In response to paragraph 73 of the First Amended Complaint, Defendants state that Exhibit C to the First Amended Complaint speaks for itself. Defendants otherwise deny each and every allegation contained in paragraph 73.

74. In response to paragraph 74 of the First Amended Complaint, Defendants state that the Chaser® product packaging speaks for itself. Defendants state that paragraph 74 also purports to state a legal conclusion, to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 74.

75. In response to paragraph 75 of the First Amended Complaint, Defendants state that the Chaser® website speaks for itself. Defendants otherwise deny each and every allegation contained in paragraph 75.

76. In response to paragraph 76 of the First Amended Complaint, Defendants admit that in or about 2002 Chaser® for Wine Headaches was introduced. Defendants state that the advertisements and packaging for Chaser® for Wine Headaches speaks for itself. Defendants otherwise deny each and every allegation contained in paragraph 76.

77. In response to paragraph 77 of the First Amended Complaint, Defendants states that the letter attached as Exhibit D to the First Amended Complaint speaks for itself. Defendants otherwise deny each and every allegation contained in paragraph 77.

78. In response to paragraph 78 of the First Amended Complaint, Defendants state that the promotions, advertisements, press releases and packaging for Chaser® for Wine Headaches speak for themselves. Defendants otherwise deny each and every allegation contained in paragraph 78.

79. In response to paragraph 79 of the First Amended Complaint, Defendants admit that Chaser*Plus*® was introduced in or about 2004. Defendants state that the promotions, advertisements, press releases and packaging for Chaser*Plus*® speak for themselves. Defendants otherwise deny each and every allegation contained in paragraph 79.

80. In response to paragraph 80 of the First Amended Complaint, Defendants state that to the extent paragraph 80 purports to state legal conclusions, no response is required. Defendants further state that the websites cited by Plaintiffs speak for themselves. Defendants otherwise deny each and every allegation contained in paragraph 80.

81. In response to paragraph 81 of the First Amended Complaint, Defendants admit that Chaser® Plus lists calcium carbonate and carbon as inactive ingredients in its label. Defendants further state that the promotions, advertisements, press releases and packaging for Chaser*Plus*® speak for

themselves. Defendants otherwise deny each and every allegation contained in paragraph 81.

82. In response to paragraph 82 of the First Amended Complaint, Defendants state that the referenced website speaks for itself. Defendants admit that the Chaser*Plus*® website is no longer online. Defendants otherwise deny each and every allegation contained in paragraph 82.

83. In response to paragraph 83 of the First Amended Complaint, Defendants state that the FDA regulations speak for themselves. Defendants further state that to the extent paragraph 83 purports to state legal conclusions, no response is required. Furthermore, paragraph 83 does not contain an averment of fact to which an answer is required; to the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

84. In response to paragraph 84 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

85. In response to paragraph 85 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

86. In response to paragraph 86 of the First Amended Complaint, Defendants admit that 5-Hour ENERGY® was introduced in or around 2004. Defendants otherwise deny each and every allegation contained in paragraph 86.

87. In response to paragraph 87 of the First Amended Complaint, Defendants state that the trademark registration for 5-Hour ENERGY® speaks for itself. Defendants otherwise deny each and every allegation contained therein.

88. In response to paragraph 88 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

89. In response to paragraph 89 of the First Amended Complaint, Defendants admit that Mr. Bhagarva owns Bio Clinical Development, Inc.

Defendants also admit that Living Essentials' accounting department provides certain accounting support for Bio Clinical Development, Inc., which is charged to and paid for by Bio Clinical Development, Inc. Defendants otherwise deny each and every allegation contained therein.

90. In response to paragraph 90 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

91. In response to paragraph 91 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

92. In response to paragraph 92 of the First Amended Complaint, Defendants otherwise deny each and every allegation contained therein.

93. In response to paragraph 93 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

94. In response to paragraph 94 of the First Amended Complaint, Defendants state that it purports to state legal conclusions to which no responses are required. Defendants otherwise deny each and every allegation contained therein.

95. In response to paragraph 95 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 95, except admit that Plaintiffs purport to bring this action on behalf of themselves and others similarly situated, but deny that this lawsuit is appropriate for class certification or is manageable as a class action.

96. In response to paragraph 96 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 96, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class

certification or is manageable as a class action.

97. In response to paragraph 97 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 97, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification or is manageable as a class action.

98. In response to paragraph 98 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 98, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification or is manageable as a class action.

99. In response to paragraph 99 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 99, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification or is manageable as a class action.

100. In response to paragraph 100 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 100, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification or is manageable as a class action.

101. In response to paragraph 101 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to

which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 101, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification or is manageable as a class action.

102. In response to paragraph 102 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 102, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification or is manageable as a class action.

103. In response to paragraph 103 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 103, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification or is manageable as a class action.

104. In response to paragraph 104 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 104, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification or is manageable as a class action.

105. In response to paragraph 105 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 105, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class

certification or is manageable as a class action.

**COUNT I**

**VIOLATION OF MAGNUSUN-MOSS WARRANTY ACT**

**(15 U.S.C. § 2301, *et seq.)***

106. In response to paragraph 106 of the First Amended Complaint, Defendants incorporate by reference their responses to all paragraphs alleged in the First Amended Complaint.

107. In response to paragraph 107 of the First Amended Complaint, Defendants state that "Plaintiff James brings this Count I individually and on behalf of the members of the Multi-pack Subclass, against all Defendants" states legal conclusions to which no response is required; Defendants deny such allegation, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification.

108. In response to paragraph 108 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 108.

109. In response to paragraph 109 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 109.

110. In response to paragraph 110 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 110.

111. In response to paragraph 111 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to

which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 111.

112. In response to paragraph 112 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 112.

**COUNT II**

**BREACH OF EXPRESS WARRANTY**

113. In response to paragraph 113 of the First Amended Complaint, Defendants incorporate by reference their responses to all paragraphs alleged in the First Amended Complaint.

114. In response to paragraph 114 of the First Amended Complaint, Defendants state that "Plaintiffs bring this Count II individually and on behalf of the members of the nationwide Class against all Defendants" states legal conclusions to which no response is required; Defendants deny such allegation, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification.

115. In response to paragraph 115 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

116. In response to paragraph 116 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

117. In response to paragraph 117 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

118. In response to paragraph 118 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

///

///

**COUNT III**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

119. In response to paragraph 119 of the First Amended Complaint, Defendants incorporate by reference their responses to all paragraphs alleged in the First Amended Complaint.

120. In response to paragraph 120 of the First Amended Complaint, Defendants state that "Plaintiffs bring this Count III individually and on behalf of the members of the nationwide Class against all Defendants" states legal conclusions to which no response is required; Defendants deny such allegation, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification.

121. In response to paragraph 121 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

122. In response to paragraph 122 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

123. In response to paragraph 123 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

**COUNT IV**

**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**

**(Bus. & Prof. Code §§ 17200, *et seq*.)**

124. In response to paragraph 124 of the First Amended Complaint, Defendants incorporate by reference their responses to all paragraphs alleged in the First Amended Complaint.

125. In response to paragraph 125 of the First Amended Complaint, Defendants state that "this Count IV is asserted by Plaintiffs Podobedov and James on behalf of the California Subclass under California law" states legal conclusions to which no response is required; Defendants deny such allegation, except admit

that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification.

126.   In response to paragraph 126 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required.  Defendants otherwise deny each and every allegation contained in paragraph 126.

127.   In response to paragraph 127 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required.  Defendants otherwise deny each and every allegation contained in paragraph 127.

128.   In response to paragraph 128 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required.  Defendants otherwise deny each and every allegation contained in paragraph 128.

129.   In response to paragraph 129 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required.  Defendants otherwise deny each and every allegation contained in paragraph 129.

130.   In response to paragraph 130 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required.  Defendants otherwise deny each and every allegation contained in paragraph 130.

131.   In response to paragraph 131 of the First Amended Complaint, Defendants deny each and every allegation contained therein, except admit that Plaintiffs and the purported California Subclass seek the relief described therein, but deny that Plaintiffs or the purported California Subclass are entitled to any such recovery.

**COUNT V**

**FOR VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")**

**(Bus. & Prof. Code §§ 17500 *et seq*.)**

132. In response to paragraph 132 of the First Amended Complaint, Defendants incorporate by reference their responses to all paragraphs alleged in the First Amended Complaint.

133. In response to paragraph 133 of the First Amended Complaint, Defendants state that "this Count V is asserted by Plaintiffs Podobedov and James on behalf of the California Subclass under California law" states legal conclusions to which no response is required; Defendants deny such allegation, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification.

134. In response to paragraph 134 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 134.

135. In response to paragraph 135 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

136. In response to paragraph 136 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

137. In response to paragraph 137 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

138. In response to paragraph 138 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

139. In response to paragraph 139 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to

which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 139, except admit that Plaintiffs and the purported California Subclass seek the relief described therein, but deny that Plaintiffs or the purported California Subclass are entitled to any such recovery.

**COUNT VI**

**VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT ("CRLA")**

**(Civil Code §§ 1750, *et seq*.)**

140. In response to paragraph 140 of the First Amended Complaint, Defendants incorporate by reference their responses to all paragraphs alleged in the First Amended Complaint.

141. In response to paragraph 141 of the First Amended Complaint, Defendants state that "this Count VI is asserted by Plaintiffs Podobedov and James on behalf of the California Subclass under California law" states legal conclusions to which no response is required; Defendants deny such allegation, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification.

142. In response to paragraph 142 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 142.

143. In response to paragraph 143 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 143.

144. In response to paragraph 144 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to

which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 144.

145. In response to paragraph 145 of the First Amended Complaint, Defendants deny each and every allegation contained therein, except admit that Plaintiffs and the purported California Subclass seek the relief described therein, but deny that Plaintiffs or the purported California Subclass are entitled to any such recovery.

146. In response to paragraph 146 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 146, except Defendants admit that they received a letter from counsel for Plaintiffs and the other members of the purported classes addressed to it and states that the content of that letter speaks for itself.

147. In response to paragraph 147 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 147, except admit that Plaintiffs and the purported California Class seek the relief described therein, but deny that Plaintiffs or the purported California Class are entitled to any such recovery.

**COUNT VII**

**VIOLATION OF NEW YORK DECEPTIVE TRADE PRACTICES ACT ("DTPA")**

**(New York General Business Law §§ 349, *et seq*.)**

148. In response to paragraph 148 of the First Amended Complaint, Defendants incorporate by reference their responses to all paragraphs alleged in the First Amended Complaint.

149. In response to paragraph 149 of the First Amended Complaint,

Defendants state that "Plaintiffs Podobedov and Moussouros assert this Count VII on behalf of themselves and the New York Subclass" states legal conclusions to which no response is required; Defendants deny such allegation, except admit that Plaintiffs purport to bring this action as a class action, but deny that this lawsuit is appropriate for class certification.

150. In response to paragraph 150 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 150.

151. In response to paragraph 151 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

152. In response to paragraph 152 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 152.

153. In response to paragraph 153 of the First Amended Complaint, Defendants state that the allegations set forth therein state legal conclusions to which no response is required. Defendants otherwise deny each and every allegation contained in paragraph 153.

154. In response to paragraph 154 of the First Amended Complaint, Defendants deny each and every allegation contained therein, except admit that Plaintiffs and the purported New York Subclass seek the relief described therein, but deny that Plaintiffs or the purported New York Subclass are entitled to any such recovery.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, and without assuming any greater burden of proof than as required by law, Defendants allege as follows:

**FIRST DEFENSE**

**(Failure to State a Claim)**

Plaintiffs and putative class members fail to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

**SECOND DEFENSE**

**(Not Proper Class Action)**

Plaintiffs' and putative class members' claims alleged in the First Amended Complaint may not be properly certified or maintained as a class action.

**THIRD DEFENSE**

**(Lack of Standing/Capacity)**

Plaintiffs and putative class members lack standing or capacity, or both, to assert some or all of the claims raised in the First Amended Complaint.

**FOURTH DEFENSE**

**(Preemption)**

Plaintiffs' and putative class members' claims are preempted by federal statutory and regulatory law, and/or barred by the Supremacy Clause of the United States Constitution, principals of federalism, and general preemption because the relief sought impermissibly conflicts with and frustrates the purposes of federal regulations and regulatory activity.

**FIFTH DEFENSE**

**(Abstention)**

Plaintiffs' and putative class members' claims should be denied under the equitable doctrine of abstention, because such relief would unreasonably encroach upon federal administrative prerogatives or substitute the Court's oversight for that of federal or state administrative agencies.

///

///

**SIXTH DEFENSE**

**(First Amendment)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the applicable provisions under the California Constitution that may apply to this lawsuit which protect the rights to freedom of speech.

**SEVENTH DEFENSE**

**(No Materiality or Justifiable Reliance)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because any allegedly false statements or omissions allegedly attributable to a defendant (which alleged statements or omissions are denied) were not material and were not detrimentally or justifiably relied upon by Plaintiffs or the putative class members.

**EIGHTH DEFENSE**

**(Statute of Limitation)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations and repose.

**NINTH DEFENSE**

**(Failure to Allege Statutory Claim)**

Plaintiffs and putative class members have failed to allege a statutory claim for deceptive and unfair trade practices, and misleading advertising upon which relief can be granted.

**TENTH DEFENSE**

**(Damages Too Speculative and Remote)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the damages sought are too speculative and remote.

**ELEVENTH DEFENSE**

**(Laches, Estoppel, Waiver, Ratification, Unclean Hands)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrines of laches, estoppel, equitable estoppel, quasi estoppel, waiver, ratification, or unclean hands.

**TWELFTH DEFENSE**

**(Compliance)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because any product by a defendant (including any packaging or labeling of its products) is, and always has been, in compliance with all applicable governmental regulations at the time such product was manufactured, packaged, labeled and sold.

**THIRTEENTH DEFENSE**

**(Conformity with Prevailing Business Practices and Standards)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the alleged conduct of which Plaintiffs and putative class members complain comported with the prevailing business practices and standards of the industry at issue.

**FOURTEENTH DEFENSE**

**(Open and Obvious)**

Plaintiffs and putative class members are barred from recovering any damages by virtue of the fact that any dangers alleged by Plaintiffs and putative class members, if any, were open and obvious.

**FIFTEENTH DEFENSE**

**(No Legal Duty)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, as to Defendants because Defendants do not owe a legal duty to Plaintiffs and putative class members or, if Defendants owed a legal duty to Plaintiffs and

putative class members, Defendants did not breach that duty.

**SIXTEENTH DEFENSE**

**(No Privity)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class members lack privity with Defendants.

**SEVENTEENTH DEFENSE**

**(No Actionable Injury or Proximate Cause)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because neither Plaintiffs nor putative class members suffered any actionable injury or because such injury was not proximately caused by Defendants.

**EIGHTEENTH DEFENSE**

**(Alleged Injury Caused By Others)**

To the extent Plaintiffs and putative class members allege that they were injured or damaged, which injuries and damages are denied, the injuries and damages were caused solely by acts, wrongs, or omissions of persons, entities, forces, or things over which Defendants have no control and for which Defendants are not legally responsible.

**NINETEENTH DEFENSE**

**(No Joint and Several Liability)**

Plaintiffs and putative class members are not entitled to relief jointly and severally and Defendants are not jointly and severally liable with any other defendant or any other person or entity with respect to the claims asserted by Plaintiffs and putative class members.

**TWENTIETH DEFENSE**

**(Good Faith, Privilege, Justification)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Defendants, or

either of them, if performed at all, were done in good faith and/or were privileged or justified.

**TWENTY-FIRST DEFENSE**

**(No Harm or Damages Suffered)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because neither Plaintiffs nor any other member of the putative class has suffered actual harm, injury in fact, or lost money or property as a result of a violation of California Business & Professions Code Section 17200, *et seq*., or under any other cause of action in this case.

**TWENTY-SECOND DEFENSE**

**(Business Necessity)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the acts or omissions alleged to have been performed by Defendants, if performed at all, were performed in accordance with business necessity and for legitimate reasons.

**TWENTY-THIRD DEFENSE**

**(Voluntary Payment)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrine of voluntary payment.

**TWENTY-FOURTH DEFENSE**

**(Failure to Comply With Civil Code Section 1782)**

Plaintiffs and putative class members lack standing to pursue some of all of the claims for failure to comply with California Civil Code Section 1782.

**TWENTY-FIFTH DEFENSE**

**(Offset and Set-Off)**

To the extent Plaintiffs and/or the putative class members are entitled to any relief, Defendants are entitled to an offset or set off of such relief for the value of

the benefits that Plaintiff and the putative class members received.

**TWENTY-SIXTH DEFENSE**

**(Due Process)**

Plaintiffs' and putative class members' claims violate the due process provision of the United States Constitution and the correlative provisions of the California Constitution and the constitutions of the other 49 states to the extent that they seek to deprive Defendants of procedural and substantive safeguards, including traditional defenses to liability.

**TWENTY-SEVENTH DEFENSE**

**(Adequate Remedy at Law)**

Plaintiffs' and putative class members' claims for injunctive and equitable relief are barred because there is an adequate remedy at law.

**TWENTY-EIGHTH DEFENSE**

**(Failure to Mitigate)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, by failure to mitigate.

**TWENTY-NINTH DEFENSE**

**(Defenses Recognized In Other Jurisdictions)**

To the extent that the laws of other jurisdictions apply, Defendants invoke each and every statutory and common law defense available to it under the laws of each of the other forty-nine states, and the District of Columbia, of the United States with respect to each of the claims alleged in the Complaint that is recognized in that jurisdiction.

**THIRTIETH DEFENSE**

**(Failure to Join Indispensable Parties)**

This action is barred in whole or in part because Plaintiffs and putative class members failed to join indispensable parties to this litigation.

**<u>THIRTY-FIRST DEFENSE</u>**

**(Ongoing Conduct)**

This action is barred in whole or in part because Plaintiffs do not sufficiently allege continuing misconduct by Defendants for purposes of relief under California Business and Professions Code § 17200 *et seq*.

**<u>THIRTY-SECOND DEFENSE</u>**

**(No False Advertising)**

Plaintiffs’ and putative class members' claims are barred in whole or part because Defendants’ business practices and advertising relating to its products as described in the First Amended Complaint were not and are not unfair, unlawful, or fraudulent within the meaning of California Business and Professions Code § 17200 *et seq*. Defendants’ practices and advertising were not deceptive or did not tend to deceive, and were not unfair or deceptive practices under the CLRA, and did not tend to have nor did in fact have the capacity to deceive under California Business and Professions Code § 17500 *et seq*.

**<u>THIRTY-THIRD DEFENSE</u>**

**(Lack of Personal Jurisdiction)**

The purported claims set forth in the First Amended Complaint are barred because this Court lacks personal jurisdiction over some or all of Defendants.

**<u>THIRTY-FOURTH DEFENSE</u>**

**(Warranties Were Disclaimed)**

Plaintiffs’ and putative class members' purported breach of warranty claims fail because all such warranties, if any at all, were validly disclaimed by Defendants.

**<u>THIRTY-FIFTH DEFENSE</u>**

**(Commercial Speech)**

The statements and representations alleged in Plaintiffs’ and putative class

members' First Amended Complaint were mere sales talk that no reasonable person would rely upon or mistake as a factual claim.

**THIRTY-SIXTH DEFENSE**

**(Safe Harbor)**

The conduct, practices, statements and representations alleged in Plaintiffs' and putative class members' First Amended Complaint were explicitly approved, or exempted from prosecution, by law or statute.

**THIRTY-SEVENTH DEFENSE**

**(No Violation of Borrowed Statute)**

The conduct, practices, statements and representations alleged in Plaintiffs' First Amended Complaint have no violation of an underlying or "borrowed" statute to support a section 17200 claim.

**RESERVATION OF RIGHTS**

In addition, Defendants have not completed their investigation and discovery regarding Plaintiffs' and putative class members' First Amended Complaint or the claims asserted by Plaintiffs therein. Accordingly, Defendants reserve the right to assert such additional affirmative defenses as necessary based on such ongoing investigation and discovery.

**Prayer**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs and putative class members' take nothing from Defendants by reason of their First Amended Complaint;

2. That the First Amended Complaint against Defendants be dismissed with prejudice;

3. That Defendants be awarded their costs and attorney's fees incurred to defend this suit; and

4. That Defendants be awarded any other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Defendants demand trial by jury on all issues that are triable to a jury.

DATED: April 27, 2012

CRONE HAWXHURST LLP

By /s/ Gerald E. Hawxhurst

Gerald E. Hawxhurst
Attorneys for Defendants