1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILYA PODOBEDOV, JORDAN MOUSSOUROS and RICHARD N. JAMES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LIVING ESSENTIALS, LLC, INNOVATION VENTURES, LLC d/b/a LIVING ESSENTIALS, MANOJ BHARGAVA and BIOCLINICAL DEVELOPMENT, INC.,<br><br>Defendants. | CASE NO. LACV11-6408 PSG (PLAx)<br><br>**PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

# ORDER

THE COURT, having considered the Stipulation of the parties in this action to enter an order, HEREBY ORDERS THAT:

1. **Scope of Order.** This Order Re: Confidential Information ("Protective Order") governs the handling of all material produced, given, or filed during discovery or other proceedings in this action, but shall not apply to the trial of this action (at which time the Court will make other orders, as appropriate, concerning this subject). The provisions of this Protective Order shall apply to the Parties, and any other Person producing, receiving, or disclosing Material in this action.

2. **Definitions.**
    (a) As a general guideline, Materials designated as "Confidential" shall be those things that may be disclosed to the Parties for purposes of this litigation, but which must be protected from disclosure to third parties. Absent a specific order from this Court, Materials designated as "Confidential" shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such Materials shall not be disclosed to anyone except as provided herein.
    (b) As a further general guideline, Materials designated as "Highly Confidential" shall be those things of a proprietary business or technical nature that might be of value to a competitor or potential customer, and that must be protected from disclosure. Absent a specific order from this Court, Materials designated as "Highly Confidential" shall be used by the Parties solely in connection with

this litigation, and not for any business, competitive, or governmental purpose or function, and such Materials shall not be disclosed to anyone except as provided herein.

(c) As a further general guideline, Materials designated at "Highly Confidential Formula – For Attorneys' Eyes Only" shall be those things that relate to a Party's proprietary product formula that must be protected from disclosure. Absent a specific order from this Court, Materials designated as "Highly Confidential Formula – For Attorneys' Eyes Only" shall be used by the Parties solely in connection with this litigation, and not for any business, competitive, or governmental purpose or function, and such Materials shall not be disclosed to anyone except as provided herein.

(d) "Protected Material" means any type or classification of Material that is designated as "Confidential," "Highly Confidential," or "Highly Confidential Formula – For Attorneys' Eyes Only" by the Producing Person and that contains trade secrets, future business plans, information regarding products not released or announced to the public, nonpublic proprietary product development information, nonpublic proprietary product formula information, customer lists, nonpublic financial information, nonpublic business operations information of a confidential nature, personnel information in an employee's confidential employment file, and/or information protected by the right to privacy. For purposes of clarification, a Producing Person may designate Material as "Highly Confidential" or "Highly Confidential Formula – Attorneys' Eyes Only" only if the Producing Person believes in

good faith the Material contains extremely sensitive confidential information, including but not limited to information which is commercial, pricing, cost, or marketing information relating to the Producing Person or the Producing Person's commercial products or planned commercial products, or technical and research information or product formula information that is extremely sensitive. Publicly available information is not Protected Material. The Parties cannot reasonably anticipate all information that will be requested and produced in this action, and they therefore reserve the right to designate as Protected Material any document or category of information that they in good faith believe is entitled to the designation even if it is not expressly mentioned in the definition above.

(e) "Confidential Information" means any information contained in Protected Material, as defined above, and only the limited portions of briefs, memoranda, exhibits, or testimony, or the limited portions of any other writing filed with the Court that mentions, discusses, or refers to any Protected Material.

(f) "Material" means papers, documents, tapes, testimony, and other information produced, given, or filed during discovery or other proceedings in this action, including, but not limited to, answers to interrogatories, responses to requests for admissions, deposition testimony, information provided during any settlement discussions, and all copies, excerpts, summaries, and information derived from any such papers or documents.

(g) "Person" means a natural person, firm, association, organization, partnership, business, public entity, or other person acting on

behalf of such person.

(h) "Party" or "Parties" means Living Essentials, LLC, Innovation Ventures, LLC, Manoj, Bhargava, Bio Clinical Development, Inc., Ilya Podobedov, Jordan Moussouros, and Richard N. James, or any other Person who is joined in this action as a party.

(i) "Producing Person" means any Person, as defined above, producing or disclosing Material in this action.

(j) "Discovering Party" means any Party that requests and receives Materials in this action through the discovery process.

3. **Designation of Protected Material.** A Producing Party may designate discovery Material as "Confidential," "Highly Confidential," or "Highly Confidential Formula – Attorneys' Eyes Only" in the following manner:

(a) <u>Designation of Documents</u>: Any document (defined herein as including, but not limited to: exhibits, documents and things (including computer diskettes and other storage media) produced in response to discovery requests, interrogatory responses, responses to requests for admission, motions, briefs, memoranda, and copies of any of the foregoing) produced or given by any Producing Person during discovery, hearings, or trial in this case which sets forth or contains any Confidential Information may be so designated by affixing the legend "Confidential," "Highly Confidential," or "Highly Confidential Formula – Attorneys' Eyes Only" as applicable, on each page containing Confidential Information at the time such document is produced or provided, or as soon thereafter as the Producing Person seeking protection becomes aware of the confidential nature of the document.

(b) <u>Designation of Deposition Testimony</u>: Deposition testimony may

             be designated "Confidential," "Highly Confidential," or "Highly Confidential Formula – Attorneys' Eyes Only" by oral designation on the record, or within ten (10) days after the transcript of such deposition is mailed to the designating Person.  The designating Person shall instruct the court reporter to separately bind the portions of the deposition transcript so designated, and to stamp the word "Confidential," "Highly Confidential," or  "Highly Confidential Formula – Attorneys' Eye Only" as applicable, on each designated page of the transcript.  Pending expiration of this ten-day period, all Parties shall treat all deposition testimony and exhibits as if they had been designated as "Highly Confidential."

    (c) <u>Treatment of Court-Filed Materials.</u>  A Party that intends to file with the Court any information that another Party or non-party has designated as "Confidential,"  "Highly Confidential," or "Highly Confidential Formula – Attorneys' Eyes Only" shall comply with the sealing and lodging requirements of the Court's <u>Local Rules</u>. Where only a portion of the submission or filing contains Confidential Information, only that portion shall be filed under seal.  The parties shall keep in confidence all copies of such Materials as provided in this Order.

4. **Treatment of Protected Material.**  Material designated "Highly Confidential Formula – Attorneys' Eyes Only" may not be disclosed expect as set forth in paragraph 5 below. Material designated "Highly Confidential" may not be disclosed except as set forth in paragraph 6 below.  Material designated "Confidential" may not be disclosed except as set forth in paragraph 7 below. Protected Material shall be kept in secure facilities, and access to those facilities shall be permitted only to those Persons having proper access thereto under this

1 Protective Order. Protected Material shall be used solely for the purposes of this litigation and shall not be used for any business or other purpose. The restrictions on use of Protected Material set forth in this Order shall survive the conclusion of the litigation, and, after conclusion of this litigation, the Court shall retain jurisdiction for the purpose of enforcing this Protective Order.

5. **Access to Material Designated "Highly Confidential Formula – Attorneys' Eyes Only."** Material designated "Highly Confidential Formula – Attorneys' Eyes Only" may be disclosed only to the following:

(a) Counsel of record for any Party, including any attorneys at their law firms to whom it is necessary that the information be disclosed for the purposes of this litigation;

(b) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action;

(c) Not more than four (4) independent consultants or experts, retained in connection with this action, provided that each such person first acknowledges in writing, under oath, that he or she has read this Protective Order and agrees to be bound by its terms, and provided further that such person first acknowledges the she/he does not have a business or competitive conflict with any Party. This acknowledgment shall be made by execution of the Declaration attached hereto as Exhibit A. The attorneys of record for the Discovering Party will inform the Producing Person prior to disclosure to the independent consultant or expert that the material will be provided to an independent consultant or expert, and that the independent consultant or expert has agreed not to disclose the material to anyone other than counsel of record for any Party. The

identities of the experts or consultants need not be provided to the opposing party in advance of disclosure. All such written acknowledgments shall be maintained by counsel making the disclosure of the Protected Material, and shall be provided to the opposing Party's counsel at the conclusion of this action, upon request. If it becomes necessary for a party to show the information to more than four experts, it must first seek permission from the opposing party. If such permission is denied, the party seeking further disclosure may move the Court;

(d) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel of record to whom disclosure is reasonably necessary in connection with this litigation, provided that each such person first acknowledges in writing, under oath, that he or she has read the Protective Order and agrees to be bound by its terms, and provided further that such person first acknowledges the she/he does not have a business or competitive conflict with any Party. This acknowledgment shall be made by execution of the Declaration attached hereto as Exhibit A; and

(e) Any other Person to whom the Producing Person agrees in writing. Nothing in this Order shall prohibit a Party, or Persons employed or formerly employed by or affiliated with such Party, from reviewing the Materials it designates as Highly Confidential Formula – Attorneys' Eyes Only, or from reviewing any Materials it has authored or on which it is identified as a recipient.

Except as otherwise specifically noted, all procedures in the remaining paragraphs of this Protective Order that govern the treatment of information designated as Confidential or Highly Confidential shall also govern the treatment of information designated as "Highly Confidential Formula – Attorneys' Eyes

Only." If a provision provides for different treatment of information designated as Confidential and Highly Confidential, then the "Highly Confidential Formula – Attorneys' Eyes Only" information shall be entitled to the higher level of protection.

6. **Access to Material Designated "Highly Confidential."** Material designated "Highly Confidential" may be disclosed only to the following:

(a) Counsel of record for any Party, including in-house counsel;

(b) Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel listed in (a) above;

(c) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action;

(d) Personnel of copy service firms or attorney service firms retained by counsel listed in (a) above in connection with this action;

(e) Any independent consultant or expert, retained in connection with this action, provided that each such person first acknowledges in writing, under oath, that he or she has read this Protective Order and agrees to be bound by its terms, and provided further that such person first acknowledges the she/he does not have a business or competitive conflict with any Party.  This acknowledgment shall be made by execution of the Declaration attached hereto as Exhibit A. All such written acknowledgments shall be maintained by counsel making the disclosure of the Protected Material, and shall be provided to the opposing Party's counsel at the conclusion of this action, upon request; and

(f) Any other Person to whom the Producing Person agrees in writing.

Nothing in this Order shall prohibit a Party, or Persons employed or formerly

employed by or affiliated with such Party, from reviewing the Materials it designates as Highly Confidential, or from reviewing any Materials it has authored or on which it is identified as a recipient.

7. **Access to Material Designated "Confidential."** Material designated "Confidential" may be disclosed to any Person listed in paragraphs 5 and 6 above and, in addition, may be disclosed to a Party; any officer, director, employee, or former employee of a Party; or to any officer, director, employee, or former employee of a parent, subsidiary, or affiliate of a Party, disclosure to whom counsel believes in good faith is necessary to assist in the prosecution or defense of this action, provided that such Person agrees to maintain the confidentiality of the information disclosed in accordance with the terms of this Protective Order by execution of the Declaration attached hereto as Exhibit A.

8. **Examination of Third Party Witnesses.** Any Person may be examined as a witness during a deposition concerning any Protected Material that appears on its face or from other documents or testimony to have been received or authored by that Person. During examination, an examining Party may show such a witness such Protected Material. If a Party wishes to examine a witness during a deposition concerning any Protected Material of another Person, and the witness has not previously received, authored, or otherwise had lawful access to such Protected Material, the examining Party shall first obtain the consent of the Producing Person who designated the Material, or their attorneys, if any, and shall require the witness to agree to maintain the confidentiality of the Protected Material in accordance with the terms of this Protective Order by execution of the Declaration attached hereto as Exhibit A.

9. **Challenging Confidentiality Designations.** By entering into this Protective Order, no Party concedes that any Material designated as Protected Material has been properly so designated. Should any Party object to any

confidentiality designation, the objecting Party shall provide written notice of the basis for such objection to the Producing Party and shall attempt in good faith to resolve the objection informally with the Producing Party as soon as practicable.  If the objection cannot be informally resolved within a reasonable time, the objecting Party may move for an order determining whether the Materials are properly designated, pursuant to <u>Local Rule</u> 37-1, <u>et seq.</u>  Until a motion is filed and resolved by the Court, all such Materials shall be treated as Protected Materials. The foregoing is without prejudice to the right of any Person to apply to the Court for modification of this Protective Order or for a further protective order relating to Confidential Information.

      10.    **Confidentiality Obligations to Third Parties.**  In the event that information in the possession or control of a Person from whom discovery is sought involves the confidentiality rights of a non-party or that its disclosure would violate a Protective Order issued in another action, the Person with possession or control of the information will attempt to obtain the consent of the non-party to disclose the information subject to the terms of this Protective Order.  If the consent of the non-party cannot be obtained, the Person will notify the Party seeking discovery of:  (a) the existence of the information without producing such information; and (b) the identity of the non-party (provided, however, that such disclosure of the identity of the non-party in and of itself does not violate any confidentiality obligation).  The Party seeking discovery may then make further application to the non-party or seek other means to obtain such information.

      11.    **Inadvertent Disclosure of Confidential Information.**  Inadvertent failure to designate as Protected Material any information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection thereof, so long as such designation is asserted promptly following discovery of the inadvertent failure.  At such time, arrangements shall be made for the Producing

Party to appropriately mark the information in accordance with this Order.

12. **Inadvertent Disclosure of Privileged Information.** The production (or making available for inspection) of Material without an express written notice of intent to waive the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery, so long as the Producing Person informs the Receiving Person of the identity of the Materials the Producing Person contends are privileged, reasonably promptly after the Producing Person becomes aware of the specific Materials that were allegedly inadvertently produced. If the Receiving Person becomes aware of specific Materials that it believes may be subject to a claim of privilege by the Producing Person, the Receiving Person shall timely notify the Producing Person of these specific Materials. Upon being made aware of these Materials, the Producing Person shall timely designate any such Materials as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and request return of such Materials to the Producing Person. Upon request by the Producing Person, the Receiving Person shall immediately return all copies of such inadvertently produced Material(s), and shall otherwise comply with the provisions of Federal Rule of Civil Procedure 26(b)(5)(B). Nothing herein shall prevent the Receiving Person from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, but any such challenge shall not assert as a basis the fact or circumstances of the inadvertent production. If a claim is disputed, the Receiving Person shall not use or disclose Materials for which a claim of privilege or immunity is made pursuant to this paragraph for any purpose until the matter is resolved by agreement of the parties or by the Court. This Order constitutes a party

agreement within the meaning of Federal Rule of Evidence 502(e), and upon adoption by the Court a court order within the meaning of Federal Rule of Evidence 502(d), and thus supersedes any inconsistent provisions of Federal Rule of Evidence 502(b).

13. **Conclusion of Action.**  This Protective Order, insofar as it restricts the communication and use of Confidential Information, shall continue to be binding throughout and after the conclusion of this action, including any appeals. At the conclusion of this action, including appeals, counsel for each Party shall either return to the Producing Person or destroy all Protected Materials, and shall designate in writing that all such materials have in fact been returned or destroyed. Notwithstanding the foregoing, counsel for the Parties need not return or destroy any Protected Material that becomes a part of the Court record in this action, by use as a trial exhibit, inclusion in a court filing, inclusion in any record on appeal, or otherwise.

14. **Inadmissibility.**  This Protective Order, the fact of its adoption or entry, and any provision of this Protective Order or attached form shall not be admissible for any purpose of this litigation, except to the extent necessary to enforce its terms.  In any such enforcement proceeding, the prevailing party shall recover its reasonable attorneys' fees and expenses in maintaining such proceeding.

15. **Reservation of Objections to Production.**  Nothing in this Protective Order shall be construed as an agreement to produce any Material, or as a waiver of any objections to the production of that Material.

16. **Miscellaneous.**  Nothing in this Protective Order shall preclude any party from making any claim of privilege as to any information requested by

///

///

///

1  another party.  Failure to designate Material as Protected Material shall not
2  constitute a waiver of any other claim of privilege.

4       IT IS SO ORDERED.

Dated:  September 11, 2012

                                      Paul L. Abrams
                              U.S. MAGISTRATE JUDGE

[PROPOSED] PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION